Per Curiam.

The dismissal of petitioner’s complaint of unlawful discrimination, upon a determination — by a single member of the State Commission Against Discrimination whose decision was not disturbed by the commission chairman — that probable cause did not exist (Executive Law, §§ 296, 297), is reviewable by the courts in this proceeding. No intent to preclude judicial review of such determination may be found in the language contained in article 15 of the Executive Law nor from its legislative history. The rule is well settled that, in the absence of a “ clear expression by the Legislature to the contrary ’ ’, the courts may review the discretionary act of an administrative officer or body to determine whether the discretion has been exercised in an arbitrary or capricious manner (Matter of Schwab v. McElligott, 282 N. Y. 182, 186).
After a comprehensive investigation by one of the commissioners, and his staff, of petitioner’s complaint that he was not engaged as an airline flight steward because of his race and color, the investigating commissioner determined that probable cause did not exist to credit the allegations of the complaint, and this determination was sustained upon review by the chairman of the commission. It cannot be said on the record before us that the acts of these officials in concluding that petitioner *241 was denied employment for reasons other than his race and color and in dismissing his complaint were arbitrary and capricious.
The order appealed from should be modified so as.to provide that the proceeding be dismissed upon the merits, and, as so modified, affirmed, without costs.
Chief Judge Conway and Judges Desmond, Dye, Fuld, Fboessel, Van Voorhis and Burke concur.
Order modified and matter remitted to Special Term for further proceedings in accordance with the opinion herein and, as so modified, affirmed, without costs.