CLARENCE STRONG *vs.* MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION & others.

Suffolk. December 6, 1966. — January 5, 1967.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, & REARDON, JJ.

*Anti-Discrimination Law. State Administrative Procedure Act.*

G. L. c. 30A, § 11 (8), applies to the Massachusetts Commission Against Discrimination. [556]

Evidence before the Massachusetts Commission Against Discrimination on a complaint under G. L. c. 151B, § 5, by a Negro employed as a dining car attendant by a railroad until discharged by it did not provide any substantial basis for a finding of discrimination by the railroad against the complainant based upon color, and warranted the commission's decision dismissing the complaint. [556]

PETITION filed in the Superior Court on June 2, 1965.

The case was heard by *Vallely*, J.

*James J. Twohig* for the petitioner.

*Edmund M. Sweeney* for the Trustees of the Property of the New York, New Haven and Hartford Railroad Company.

CUTTER, J.   Strong, a Negro, was employed as a railroad dining car attendant.   At a time on April 6, 1964, when his duties involved preparation of the dining car in the yard for service to patrons, he was observed smoking in an adjacent coach.   As a consequence of an altercation with a "superior employee," he left the train and went home. Charges were preferred and Strong was discharged on April 24, 1964, after a hearing on April 15, in accordance with an applicable labor agreement between Strong's union and the railroad.   The discharge was upheld upon appeal under the appropriate procedures within the railroad. Strong did not pursue additional administrative remedies available to him.[1]   See Railway Labor Act, 45 U. S. C. §§ 151–153 (1964), especially § 153 (h)–(j).   Eventually Strong was replaced by a Negro on the roster of dining car attendants.

On June 25, 1964, Strong filed a complaint with the commission (see G. L. c. 6, § 56, as appearing in St. 1963, c. 719, § 1, and G. L. c. 151B) alleging, among other things, "I believe I have received unequal treatment by the . . . [r]ailroad, solely because of my color."   The commission, after a two day hearing, recorded in over 280 pages of stenographic transcript, by unanimous decision[2] dismissed the

---

[1] In the administrative proceedings within the railroad, one letter to the railroad's vice-president of operations from Strong's union representative made a general charge of racial discrimination.   This, however, was unsupported by allegation of any specific facts tending to show such discrimination.   The vice-president of operations dismissed one charge which involved the question whether Strong or a white supervisor was to be believed.

[2] The decision was accompanied by a separate concurring opinion by the commission's chairman, who (although he discussed certain matters not relevant to Strong's complaint) correctly stated that the decision did not deal with the correctness of the disposition of "the labor dispute" but only with "the issue of the alleged violation under c. 151B."   See G. L. c. 151B, §§ 4 and 5, as respectively amended through St. 1963, c. 197, § 2, and c. 613, § 2. The commission, of course, was properly concerned only with whether there had been an "unlawful . . . practice," based on discrimination because of color, under c. 151B, § 4, par. 1.

complaint. It found in outline certain of the facts stated above concerning the discharge and the labor dispute proceedings. In addition, it found only, "6. Of the forty-five persons on the . . . waiters' roster at the time of . . . [the] altercation, forty-four were Negro. . . . 7. The fact that . . . [Strong] is Negro was not a factor in any of the actions . . . of the [r]ailroad or any of its employees in its dealings with" Strong.

Strong then, by a petition filed in the Superior Court, sought judicial review of the commission's order in accordance with G. L. c. 30A, and c. 151B, § 6 (as amended through St. 1957, c. 426, § 5). By final decree the commission's decision was affirmed.

The commission appropriately should have made more complete findings of subsidiary facts. General Laws c. 30A, § 11 (8), is clearly applicable to the commission, which also is required by c. 151B, § 5, to "state its findings of fact." It would serve no useful purpose, however, to recommit the case to the commission for further subsidiary findings. Cf. e.g. *Herson's Case,* 341 Mass. 402, 407–408; *Wannacomet Water Co.* v. *Department of Pub. Util.* 346 Mass. 453, 470–471, and cases cited. Examination of the transcript of the hearing before the commission reveals that the commission's decision was plainly warranted by the diffuse evidence, which provided no substantial basis for any finding of discrimination against Strong based upon color.

*Decree affirmed.*