**Phil McIntosh, Plaintiff-Appellant, v. State of Illinois Fair Employment Practices Commission and Union Local No. 539 of the Cement Masons, O. P. C. M. I. A., Defendants, State of Illinois Fair Employment Practices Commission, Defendant-Appellee.**

**Gen. No. 11,024.**

Fourth District.
April 24, 1969.

269

Sorling, Catron, and Hardin, of Springfield (Philip E. Hanna, of counsel), for appellant.

William G. Clark, Attorney General of State of Illinois, of Chicago (John J. George and John J. O'Toole, Assistant Attorneys General), for appellee.

SMITH, J.

The plaintiff filed his suit against the State of Illinois Fair Employment Practices Commission and the defendant-labor union seeking an administrative review of an order of that Commission dismissing a complaint filed by the plaintiff against the union. The order of which review is sought reads:

"You are hereby notified that, by vote taken on April 28, 1967, the Commission dismissed the above-captioned charge on the grounds that matters brought forth in the conciliation conference established that the Respondent has eliminated or offered in good faith to eliminate the effects of the charge

of unfair employment practice with respect to the Complainant in such manner as to effectuate the purposes of the Act."

The trial court dismissed the suit on the grounds that there was no final decision by the Commission subject to review and that there was nothing in the record to show that the conciliation conference conducted by the Commission did not properly resolve the issue of discrimination against the plaintiff which had been charged. We agree.

The plaintiff filed his complaint before the Commission charging that the union was engaged in unfair employment practice in its refusal of a membership card to him because of color. The Commission found that there existed substantial evidence that the alleged unfair employment practice had been committed and ordered a conciliation conference. The conciliation conference was held which resulted in the order set forth verbatim above. Such procedure conforms to Ill Rev Stats 1967, c 48, § 858.

What took place at the conciliation conference is not before us. Under Article II, § 2.2(5) of the Rules and Regulations of the Commission, there is the following provision:

"The members of the Commission and its staff shall not disclose what has occurred in any conciliation conference unless the respondent requests in writing that such disclosure be made. No stenographic report or recording shall be taken of the proceedings of any conciliation conference."

Both counsel apparently filed in the trial court and include in the record in this court what is denominated as summary of conciliation conferences in which they set forth what purports to be the evidence, testimony and agreements reached during the conciliatory conferences. We know of no rule or statute giving any weight or probative value to such documents nor upon what theory

either summary could be properly considered by the trial court or become part of the record in this court as to the events in the conciliation conferences. Its unreliability as an evidentiary basis for either the trial court or us becomes apparent when we observe that each summary differs from the other in several substantial and important factual statements.

Ill Rev Stats 1967, c 48, § 858(a), provides that where there is a conciliation conference and a settlement is effectuated "then the Commission may prepare written terms of settlement and adjustment and have the complainant and respondent agree to them in writing. . . ." The record does not nor does the order attached to the complaint in the circuit court set forth any settlement agreement. There is neither a charge that an agreement was not made nor is there a charge that an agreement was made, an order entered and that order violated. If no agreement was reached, then a motion before the Commission to make such a finding should have been made and an appropriate complaint filed. If an agreement was reached and has been subsequently violated, that likewise should have been called to the attention of the Commission and an appropriate complaint filed by it against the union. It is apparent that the Commission thought the matter was settled and the language of its order so indicates. If this finding was not correct, the place to correct it was before the Commission and not before the court.

It should be noted that in § 858(a), it is provided that "the Commission shall notify the complainant and the respondent of the disposition of every charge filed and the terms of any settlement, adjustment or dismissal thereof. . . ." In the case at bar, the Commission followed this statute and dismissed on the ground that the matters brought forth in the conciliation conference established that the respondent had "eliminated or offered

in good faith to eliminate the effects of the charge of unfair employment practice with respect to the Complainant." It is clear that this order of the Commission was in accordance with its regulations, article II, § 2.2(6), which authorizes such a dismissal when, in its opinion, the matters brought forth in the conciliation conference establish that the respondent has eliminated or offered in good faith to eliminate the effects of the charged unfair employment practice with respect to the complainant in such manner as to effectuate the purposes of the Act. We have already noted that there is nothing in this record upon which a trial court or a reviewing court can determine whether or not the alleged unfair practices have been eliminated or whether there has been a compliance in good faith in an effort to eliminate such practices. In the trial court, the only attack made upon the finding of the Commission was that its "decision set forth in Exhibit 'A' attached hereto is not in accordance with law." How and in what manner such is the case was not stated. The order of dismissal was based on matters brought forth in the conciliation conference and § 858(a), provides "what occurs in the conference or conciliation meeting shall not be disclosed by the Commission unless the respondent requests in writing that such disclosure be made."

 In the court complaint, the Commission is requested to file an answer consisting of the record of the proceedings had before it pertaining to the entry of the decision of which the claimant seeks judicial review. Claimant then requests that the record be judicially reviewed and the decision above-quoted reversed. Under the General Administrative Review Act, Ill Rev Stats 1967, c 110, § 264, the term "decision" means any decision, order or determination of an administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which ter-

minates the proceedings before the administrative agency. Assuming without deciding that the decision to dismiss is reviewable judicially under the General Administrative Review Act, we wonder just what there is to review. The statute prohibits a revelation of what took place in the conciliation conference unless the respondent requests that its proceedings be reduced to writing. There is no claim that there was any such request. It seems apparent that the matter was not settled by agreement, otherwise it would have been charged and shown that there was an agreement in writing between the parties and each would have been requested to sign the agreement. On a violation of such an agreement, then a complaint would have been filed before the Commission. On the other hand, in the case of a failure to settle or adjust any charges by conference and conciliation, the Commission would cause a complaint to be prepared, verified and served on the respondent. In either of these events, there would have been a hearing, testimony taken, rules of evidence applied and something to review. On the record before us, there is nothing to show or to indicate that the order of the Commission was not well founded. If the respondent had not corrected the alleged violation or if the respondent was not taking steps to correct such violation, those facts should have been brought to the attention of the Commission where an appropriate hearing and an appropriate record could be made. In an absence of such a record, we necessarily conclude that an order of the Commission which is appealable is presumably correct and well founded. We must assume that the recital in the decision is truthful and a fact. It would be so held were it a judgment of a court. 2 ILP, Appeal and Error, § 469, and cases cited therein. We see no reason why an appealable order of a Commission should not rest on the same foundation. The petitioner has not exhausted his remedies before the

Commission. The judgment of the trial court is correct. Accordingly it must be and is affirmed.

Affirmed.

TRAPP, P. J. and CRAVEN, J., concur.