THE FAIR EMPLOYMENT PRACTICES COMMISSION, Petitioner-Appellant, *v.* HENRY HOHE, Respondent-Appellee.

First District (5th Division)    No. 76-1160

Opinion filed September 30, 1977.

William J. Scott, Attorney General, of Chicago (David R. Herzog, Assistant Attorney General, of counsel), for appellant.

Robbins, Schwartz, Nicholas & Lifton, Ltd., of Chicago (Everett E. Nicholas, Jr., and Stanley B. Eisenhammer, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Petitioner, the State of Illinois Fair Employment Practices Commission (FEPC), brought this action seeking an order which would require that respondent, Henry Hohe, the department head for driver education at Morton West High School, obey a subpoena issued by the FEPC for the production of certain documents and records covering the period from September 1971 to August 1974. Initially, the trial court ordered respondent to comply with that portion of the subpoena which requested documents and records for the period commencing 180 days prior to February 5, 1975, but this order was subsequently modified to encompass a full year prior to February 5, 1975. Petitioner appeals the denial of the enforcement of its subpoena prior in time to February 5, 1974, and presents the following issue for review: whether, in denying the full enforcement of the subpoena, the trial court exceeded the proper scope of judicial review of administrative subpoenas.

On February 5, 1975, Frances M. Hartley and Carole J. Gilbertsen-Pangercic filed charges before the FEPC of unfair employment practices allegedly committed by their employer, Morton West High School (M-W), based upon their sex (female). Under oath, they each alleged, "In the month of December after repeated requests to have Drivers Education Classes equitably rotated among males and females, I was not given proper consideration." Again, under oath, Hartley amended her complaint stating that she had been employed by M-W since September 1969 and had been a qualified driver-education teacher since September 1970, and Gilbertsen-Pangercic also amended her complaint, stating that she had been employed by M-W since September 1971 and had been a qualified driving instructor since June 1969. They each further alleged that they had not been given equal consideration with qualified male instructors until January 1975.

During the initial phase of the FEPC's investigation, respondent voluntarily produced documents and records which disclosed the total number of male and female driving instructors and, concerning each driving instructor, the number of instructional hours assigned, the rate of compensation, and the amount of compensation paid during the 1974-75 school year. Respondent, however, refused to comply with a FEPC subpoena for the production of the same type of documents and records covering the period from August 1971 to September 1974, and on July 11, 1975, he filed a motion to quash the subpoena on grounds that the requested information covered a period in excess of the applicable statute

of limitations (180 days) and that it was vague and sought nonexistent material.

On October 15, 1975, the FEPC entered an order denying the motion to quash, stating that because the allegations of sexual discrimination were of a continuing nature and the records voluntarily supplied were inconclusive, the investigation of documents and records predating the 180-day period was required for the three-year period. It did, however, modify the subpoena to eliminate vagueness and to require only those documents and records which had actually been kept by M-W during the years in question.

On December 11, 1975, the FEPC instituted the instant action in the trial court, seeking the enforcement of its subpoena as modified. Respondent's brief in opposition contended that as the information already supplied conclusively established that no violation occurred within the 180-day period, any information without that period could not be relevant. During the hearing on its motion, the FEPC argued that it was not necessary to show an actual violation occurring within the 180-day period as a prerequisite to inquire beyond the statutory period. Whereupon, the trial court, relying on *Klein v. Fair Employment Practices Com.* (1975), 31 Ill. App. 3d 473, 334 N.E.2d 370, stated that the FEPC would be presumed to have made a determination that a violation had probably occurred where it requested access to records without the statutory period; that such a determination was reviewable under the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*); and, in the absence of a showing of such a violation, that no subpoena which sought records beyond the statutory period could be enforced. An enforcement order was entered which limited the production of data to the 180-day period in which information had in fact been voluntarily produced, and the cause was remanded for a determination whether a violation had occurred within the statutory period.

FEPC moved to reconsider and, after a hearing, the trial court retreated somewhat from its earlier application of *Klein v. Fair Employment Practices Com.* and viewed a subpoena for records covering a period of more than one year prior to the filing of charges as burdensome *per se*, stating that beyond one year "[t]here must be some determination that the record would be relevant." In using the term relevancy, it appears that the court meant a showing of reasonable cause to believe the charges have substance. The enforcement order was then modified to include access to the requested records for the period of February 5, 1974, to February 5, 1975.

OPINION

Petitioner contends that the trial court exceeded the proper scope of

judicial review of administrative subpoenas. It argues that the trial court erred (1) in finding only the documents and records which covered a year prior to the filing of charges of discrimination were relevant; (2) in determining that a showing of some evidence of a violation within the 180-day period was a prerequisite to a finding of relevancy concerning documents and records covering a time period in excess of one year; and (3) in entertaining respondent's alleged defense on the merits to the charge of discrimination. Because of the view we take of this case, only the first two arguments need be considered.

The question of the proper scope of judicial review of administrative subpoenas was first before the Illinois Supreme Court in *Illinois Crime Investigating Com. v. Buccieri* (1967), 36 Ill. 2d 556, 562, 224 N.E.2d 236, 240, *cert. denied* (1967), 389 U.S. 848, 19 L. Ed. 2d 117, 88 S. Ct. 75, where the court stated:

"This issue has frequently been before the Federal courts, and it is now there established that judicial review is limited to a consideration of the constitutionality of the statute, whether the contemplated agency proceedings are included within the statutory authority, the reasonableness of the demand and the relevance of the information sought. [Citations.] Courts cannot consider whether the agency has probable cause for its proposed action, defenses on the merits of the administrative proceeding, or procedural irregularities. [Citation.] Outside the Federal system the question has rarely arisen, but all the cases which we have found are consistent with the Federal view. [Citations.] The soundness of the Federal cases is attested by the unanimity of opinion and the desirability of interfering with agency investigations only to the extent required by due process necessities. We share this view."

During oral argument in this court, the parties agreed that the instant subpoena is entitled to judicial enforcement if the information sought is relevant to the inquiry and the demand for such information is reasonable and that the FEPC is not required to make a prior showing of reasonable cause to believe the charges are true. We are also in agreement, as to hold otherwise "is not only to place the cart before the horse, but to substitute a different driver for the one appointed by [the General Assembly]." (*Graniteville Co. v. Equal Employment Opportunity Com.* (4th Cir. 1971), 438 F.2d 32, 36.) Thus, the only questions properly before the trial court in the enforcement hearing here were: whether the documents and records covering the period from August 1971 to February 5, 1974, were relevant to the FEPC's inquiry and whether the demand for their production was reasonable.

Initially, it can be noted that there is no question but that the documents

and records voluntarily produced and those sought by subpoena are of the same type and character and that all had been compiled in the course of school business. Therefore, questions of relevancy and reasonableness concern only the difference in the time periods reflected by each set of records.

The FEPC possesses a duty to "promptly institute an investigation to discover and evaluate facts underlying a charge of discrimination." (*Klein v. Fair Employment Practices Com.* (1975), 31 Ill. App. 3d 473, 481, 334 N.E.2d 370, 376.) In the course of such investigation, the FEPC is authorized "whenever necessary to compel the attendance of a witness or to require the production for examination of any books, payrolls, records, correspondence, documents, papers or other evidence in any investigation of an unfair employment practice charge" and, in the event of a failure or refusal to comply therewith, "the Circuit Court * * * has jurisdiction to issue an order requiring such person to appear before the Commission, there to produce evidence, if so desired, or there to give testimony touching the matter under investigation or in question." (Ill. Rev. Stat. 1975, ch. 48, par. 859(a), (d).) Concerning the character of evidence relevant to such an investigation, this court has adopted the Federal standards to the following degree:

"The allocation of the burden of proof in an action challenging employment discrimination was well established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 36 L. Ed. 2d 668, 677, 93 S. Ct. 1817, 1824 (1973). The Supreme Court in referring to the prima facie case that must be initially put forward by the complainant stated:

'This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.' (Footnote omitted.)

Once this is done the burden shifts to the employer and it is incumbent upon him to rebut the prima facie case by some legitimate, nondiscriminatory reason for the complainant's rejection. If the employer discharges his burden of proof and meets the prima facie case of discrimination, the burden of proof then shifts back to the complainant and he must establish that the articulated reason for rejection is pretext. [Citation.]" (*A.P. Green Services Division of Bigelow-Liptak Corp. v. Fair Employment Practices Com.* (1974), 19 Ill. App. 3d 875, 880-81, 312 N.E.2d 314, 318. Accord ¯ *Springfield-Sangamon County Regional Plan*

*Commission v. Fair Employment Practices Com.* (1976), 45 Ill. App. 3d 116, 359 N.E.2d 174.)

We also have generally recognized the relevance of historical, comparative date in reaching a determination whether an employment practice which appears objective and fair on its face is actually discriminatory in effect. *City of Cairo v. Fair Employment Practices Com.* (1974), 21 Ill. App. 3d 358, 315 N.E.2d 344.

As the precise question before us is novel to Illinois and since the relevancy and reasonableness of subpoenas of the Equal Employment Opportunity Commission (EEOC) seeking historical, comparative data beyond its applicable statutory period (210 days) has frequently arisen in Federal courts, the parties here urge that such decisions provide useful guidance. Among the numerous decisions relied upon by petitioner, two are factually similar to the instant case. In *Equal Employment Opportunity Com. v. University of New Mexico* (10th Cir. 1974), 504 F.2d 1296, the employer contended, as did respondent here, that the information voluntarily produced established that no act of discrimination had been committed; therefore, the subpoenaed information was irrelevant. After initially noting that "[t]he only justification for a backward gaze is in determining whether a *present* employment practice may, in fact, perpetuate past discrimination" (504 F.2d 1296, 1301), the court rejected this contention reasoning that historical, comparative data of similarly situated persons of different races, sexes, or national origins must be supplied *before* the Commission is able to make a determination regarding the merits of the charge. It was held, therefore, that such information is relevant to the inquiry and a subpoena for its production is entitled to enforcement because the limited information voluntarily supplied may be pretextual and disguise a continuing pattern of discrimination which caused the act complained of. In *Pacific Maritime Association v. Quinn* (9th Cir. 1974), 491 F.2d 1294, 1296, although the employee complained of discrimination " 'continuing to this present time,' " the employer contended that because the charge was not timely filed, the EEOC lacked jurisdiction to investigate and subpoena its records. The court held that raising the statute of limitations by the employer was premature, as the Commission should have access to relevant information to enable it to determine whether a discriminatory pattern existed and continued into the statutory period. Such decisions have implicitly viewed demands to be reasonable where the information sought is found to be relevant.

Respondent, however, contends a contrary rule, relying primarily upon *Georgia Power Co. v. Equal Employment Opportunity Com.* (5th Cir. 1969), 412 F.2d 462, which, while holding discrimination in employment practices on the basis of race or sex is class discrimination and that the

Commission must have access to historical, comparative data to ascertain whether a violation of the law has occurred, nevertheless upheld the district court's temporary limitation of five years imposed upon the administrative subpoena as reasonable in breadth. Respondent relies also upon *Equal Employment Opportunity Com. v. Magnetic Division of Spang Industries, Inc.* (W.D. Pa. 1976), ___ F. Supp. ___, which held that while historical, comparative data is relevant, access based simply upon relevancy may be unreasonable in certain cases as an onerous burden on the employer and, balancing the benefit of discovery with the burden of production, limited the scope of the administrative subpoena to 3½ years prior to the alleged act of discrimination.

■■ We note, however, a statement in *United States v. Jacksonville Terminal Co.* (5th Cir. 1971), 451 F.2d 418, *cert. denied* (1972), 406 U.S. 906, 31 L. Ed. 815, 92 S. Ct. 1607, that a determination of relevancy cannot of itself subject the employer's records to unlimited access regardless of the length of time involved, and that the five-year rule announced by *Georgia Power Co. v. Equal Employment Opportunity Com.* was not an absolute limit in terms of reasonableness. The *Jacksonville* court held that a determination of what is reasonable depends upon the facts and circumstances in each case but, in any event, the scope cannot be so limited that the inception of continuing discriminatory patterns is beyond the reach of the inquiry. Thus, it can be inferred from *United States v. Jacksonville Terminal Co.* and *Georgia Power Co. v. Equal Employment Opportunity Com.* that an isolated consideration of either relevancy or reasonableness to the exclusion of the other may result in an imposition of a harsh burden on the employer or the foreclosure of the Commission's investigation before any determination can be made on the merits of the charge. Therefore, we believe the better rule to be that, in reviewing administrative subpoenas, the circuit court, after hearing and considering all the facts and circumstances, must enforce a subpoena to the extent it is both reasonable and relevant.

Here, the trial court, in modifying its 180-day order to one year, necessarily made a determination that historical, comparative data was relevant, at least for that year, and during oral argument before this court respondent recognized that, not having appealed from this order, he cannot now contest the relevancy of documents and records covering the one-year period. Moreover, he admitted the relevancy of the documents and records encompassing the entire three-year period, stating that the only question before us was one of reasonableness, and further agreed that he had the burden of showing that the subpoena was unreasonable.

■■ Turning to the question of reasonableness, we initially note that the material presented to the trial court by defendant is inconclusive as to the charge of continuing class-based discrimination, and we believe that

the historical, comparative data is not only relevant but necessary. In this regard, we see no facts or circumstances in the record which indicate that the three-year period provided for in the subpoena is any less reasonable than the one-year limitation placed by the trial court. This is notably so in view of the fact that the longer period commences with the date on which both women were employed and qualified by M-W as driving instructors. Furthermore, the one-year limitation makes only half of the 1974-75 school year discoverable, and it is difficult to comprehend how the production of compiled data for approximately half of the school year is considerably less onerous than for a full year. This is particularly true here, as the documents sought and those voluntarily produced are of the same type, with many of them being actually kept on the basis of full school years. Therefore, because all of the records and documents sought were kept in the ordinary course of school business and a review of the record fails to reveal in what respect their production for the full three-year period would be an onerous burden in terms of compilation, time or expense, we are of the opinion that the trial court erred in placing a one-year limitation on the enforcement of the subpoena.

For the reasons stated, the judgment of the circuit court is reversed to the extent that it limited judicial enforcement of the subpoena to one year, and this matter is remanded with a direction to enter an order requiring compliance with the subpoena as it was amended by the FEPC.

Affirmed in part and reversed in part and remanded with directions.

LORENZ and WILSON, JJ., concur.