NORTH SHORE SANITARY DISTRICT OF LAKE COUNTY, Defendant-Appellant, v. ILLINOIS STATE LABOR RELATIONS BOARD, Plaintiff-Appellee.

First District (5th Division)   No. 1—89—0902

Opinion filed March 23, 1990.

McDermott, Will & Emery, of Chicago (Karl W. Grabemann, Robert T. Isham, Jr., and Melissa Jaeckel, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Valerie J. Peiler, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Defendant North Shore Sanitary District of Lake County (North Shore) appeals from the judgment of the circuit court of Cook County ordering enforcement of an administrative subpoena issued by plaintiff Illinois State Labor Relations Board (Board) pursuant to section 11(b) of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1611(b)) on behalf of Service Employees International Union, Local 11, a party to an underlying proceeding against North Shore concerning allegations of an unfair labor practice. On appeal, North Shore argues that: (1) the trial court erred as a matter of law in ruling that venue was proper in Cook County; (2) the court erred as a matter of law in granting the Board's petition to enforce "a subpoena issued for discovery purposes"; and (3) the court erred in ruling that the Board's subpoena was reasonable in scope and that the documents requested pursuant thereto were relevant. For the reasons set forth below, we affirm.

In July 1987, the Service Employees International Union, Local 11 (SEIU), engaged in negotiations with North Shore over a collective bargaining agreement. When the negotiations reached an impasse, SEIU received authorization to strike. Subsequently, SEIU and North Shore agreed to the terms of the collective bargaining agreement.

On February 3, 1988, SEIU filed an unfair labor practice charge against North Shore with the Board, asserting that North Shore discriminated against the SEIU bargaining unit members by disciplining

them more frequently and severely than other employees in retaliation against SEIU employees because of their vote to strike during the previous bargaining between SEIU and North Shore. SEIU further asserted that North Shore's actions were designed to discourage membership in or support for SEIU and to interfere with and restrain or coerce the employees of North Shore who were SEIU members in the exercise of their rights. The Board performed its statutorily mandated investigation of the charge and determined that the charge stated an issue of law or fact. As a result, the Board set a hearing on the charge for September 27-29, 1988, in Chicago.[1]

On December 28, 1988, the Board issued a subpoena *duces tecum* to North Shore requiring (1) production of records of discipline imposed on employees not represented by SEIU and (2) for records pertaining to a particular employee. On January 10, North Shore filed a motion with the Board to revoke the subpoena, arguing that the subpoena was improper because the information sought constituted "discovery," the information was irrelevant and privileged, and compilation of the information would be burdensome. The Board subsequently entered an order denying North Shore's motion as to the first request contained in the subpoena and granting it with respect to the second request. Following North Shore's refusal to comply with the subpoena, the Board, on February 8, 1989, issued a summons and a petition for enforcement of the subpoena in the circuit court of Cook County to compel compliance.

On March 2, 1989, North Shore filed a combined special and limited appearance, a motion for change of venue, and a response to the Board's petition for enforcement of the subpoena, which adopted its motion to revoke the subpoena previously filed before the Board. On March 3, the circuit court denied North Shore's motion for change of venue, finding that since the subpoena had been issued by the Board at its administrative hearing in Chicago, venue was properly in Cook County. The court further ordered enforcement of the subpoena. This appeal followed.

North Shore first argues, relying on section 2—103(a) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—103(a)) and sections 11(e) and (g) of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, pars. 1611(e), (g)), that the trial court erred in denying its motion for change of venue. Specifically, it asserts that venue was properly in Lake County, where it resides and transacts its business and where the unfair labor practice is alleged to have

---

[1]The Board has offices only in Chicago and Springfield.

occurred, or at the place of service of the subpoena (its office in Lake County), or, "arguably," in Du Page County, the location of SEIU's representative or attorney where it was to produce the ordered documents. On the other hand, the Board argues, relying on section 11(b) of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1611(b)), that venue was properly in Cook County because the subpoena was issued by it at a hearing held in Chicago and North Shore refused to comply with the subpoena during the Chicago hearings on the merits of SEIU's charges.

Section 2—103(a) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—103(a)) provides, in pertinent part:

> "Actions must be brought against a public, municipal, governmental or quasi-municipal corporation in the county in which its *principal office is located or in the county in which the transaction or some part thereof occurred out of which the cause of action arose.*" (Emphasis added.)

Sections 11(e) and (g) of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, pars. 1611(e), (g)) provide, in pertinent part:

> "(e) A charging party or any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may apply for and obtain judicial review of an order of the Board entered under this Act ***, except that such judicial review shall be afforded directly in the appellate court *for the district in which the aggrieved party resides or transacts business* ***.
>
> ***
>
> (g) The proceedings provided in paragraph (f) of this Section shall be commenced *in the circuit court in the county where the unfair labor practice which is the subject of the Board's order was committed,* or where a person required to cease and desist by such order *resides or transacts business.*" (Emphasis added.)

Section 11(b) of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1611(b)) provides:

> "The Board shall have the power to issue subpoenas and administer oaths. If any party wilfully fails or neglects to appear or testify or to produce books, papers and records pursuant to the issuance of a subpoena by the Board, the Board may apply to a court of *competent jurisdiction* to request that such party be ordered to appear before the Board to testify or produce the requested evidence." (Emphasis added.)

Contrary to North Shore's venue argument, section 2—103(a) (Ill. Rev. Stat. 1987, ch. 110, par. 2—103(a)) does not control

under the circumstances here. It is clear from the language of section 2—103(a) that it pertains to the initiation of an action. The historic function of a subpoena is to aid the particular resolution of litigation— not to initiate it. (*People v. Craft* (1972), 8 Ill. App. 3d 131.) Moreover, section 11(b) of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1611(b)) specifically provides that the Board may apply to any court of "competent jurisdiction" to enforce a subpoena issued by it. Jurisdiction over a matter does not involve the issue of venue; venue is a statutory matter resting with the legislature. (*Chappelle v. Sorenson* (1957), 11 Ill. 2d 472.) Since section 11(b) does not contain a specific venue provision, as do the following subparagraphs (e) and (g),[2] which North Shore relies upon, we believe that the legislature did not intend to fix a venue certain. In other words, since the legislature was aware of the issue of venue, and specifically provided for it in subparagraphs (e) and (g), we must conclude that it intended to not similarly limit the Board in seeking enforcement of its subpoenas to the jurisdiction in which the underlying cause of action must be filed pursuant to section 2—103(a) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—103(a)), *i.e.*, where the aggrieved party resides or transacts business or where the unfair labor practice which is the subject of the Board's order was committed. In the present case, we therefore agree with the trial court that venue was properly in Cook County, where the Board conducted its hearing and issued the subpoena and where North Shore refused to comply with the subpoena on January 25, 1989.

We also reject North Shore's claims that the trial court erred in granting the Board's petition seeking enforcement of its subpoena and the information sought to be produced therein. The trial court granted the Board's first request for documents but denied its second request. The documents sought to be produced, therefore, were as follows:

> "[A]ll records of discipline of all *non-bargaining unit non-managerial employees* in all classifications from May 1, 1987, to present, i.e.: all clerical, electrical, labratory [*sic*], and any other. Should include, but not be limited to all warnings, suspensions, and discharges, and any and all other disciplines." (Emphasis added.)

North Shore contends that the documents requested constitute discovery *per se*, which it asserts is not permitted under the Illinois Pub-

[2] A venue provision also exists in section 9 of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1609(2)(i)) similar to the provisions in subparagraphs (e) and (g) of section 11 (Ill. Rev. Stat. 1987, ch. 48, pars. 1611(e), (g)).

lic Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1601 *et seq.*), and that the court erred in assessing the validity of the subpoena in terms of standards applicable to discovery requests rather than standards which govern the admissibility of documents as actual evidence. Alternatively, North Shore contends that the requested information is irrelevant, unreasonable and overbroad.

▆▆ In disposing of North Shore's first argument on this issue, we note that section 11(a) of the Illinois Public Labor Relations Act (Ill. Rev. Stat. 1987, ch. 48, par. 1611(a)) provides that the rules of evidence, except for privilege, do not apply to Board hearings. With respect to North Shore's second argument, we further note that the factors to be considered in determining the validity of an administrative subpoena are: (1) the constitutionality of the statute; (2) whether the contemplated agency proceedings are included within the statutory authority; (3) the reasonableness of the demand; and (4) the relevance of the information sought. (*Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279.) In the instant case, North Shore attacks only the reasonableness and relevancy of the information sought. Under the circumstances, we reject its argument. The information requested by the subpoena was sought in order to show whether North Shore had treated SEIU employees differently from other nonbargaining North Shore employees in imposing discipline. Such evidence is clearly relevant in assessing the existence of discrimination by North Shore. As pointed out by the Board, "[a] 'disparate treatment' analysis inherently requires a comparison of employees to determine 'disparity.' " (See *American Federation of State, County & Municipal Employees, Council 31 v. Illinois State Labor Relations Board* (1988), 175 Ill. App. 3d 191.) We also agree with the Board that the requested information was reasonable. The subpoena covered only a period of 20 months. (See *Fair Employment Practices Comm'n v. Hohe* (1977), 53 Ill. App. 3d 724 (a request for personnel records for a period of three years held to be reasonable).) Additionally, North Shore only employed 100 people other than the SEIU employees and the subpoena requested only records of discipline concerning those 100 people, if any. Therefore, we cannot say that production of the documents would be unduly burdensome.

In light of the foregoing, we affirm the judgment of the circuit court of Cook County.

Affirmed.

LORENZ and GORDON, JJ., concur.