■ In the Matter of GERALDINE ENGEL, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review a May 27, 1980 determination of the State Human Rights Appeal Board which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint. Petitioner had been employed as a typist by respondent New York State Crime Victims Compensation Board since April 5, 1973 when, on May 4, 1979, she filed a complaint with the State Division of Human Rights charging her employer with unlawfully discriminating against her because of her age and sex. Basically, she argues that she has not been appointed to a position as an investigator in the Albany office of her employer because of sex discrimination and not been given temporary appointments because of age discrimination. Following an investigation by the State Division of Human Rights, it issued a determination and order on June 8, 1979 wherein it held that there was no probable cause to believe that petitioner's employer engaged in or was engaging in the unlawful discriminatory practice of which petitioner complained. Subsequently, by decision of May 27, 1980, respondent State Human Rights Appeal Board affirmed this order and determination, and the present proceeding ensued. We hold the challenged determination should be confirmed. An examination of the record herein reveals ample evidence, including admissions by petitioner, to the effect that each time the position of investigator in the Albany office was filled the appointment was made from an open-competitive civil service list or a preferred list and petitioner was either not on the list or so far down the list that she was not reachable for employment. Additionally, petitioner apparently refused a position as investigator in the employer's New York City office. As for the employer's failure to give petitioner temporary appointments, there is further evidence that the persons who received the appointments had more seniority or experience in the positions than did petitioner. Under these circumstances, the State Division of Human Rights could properly and reasonably conclude that petitioner was not a victim of discrimination, and it did not abuse its wide discretion in ordering the dismissal of petitioner's complaint (cf. State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd., 48 NY2d 276). Accordingly, the board's affirmance of the State division's order should be confirmed (Brown v State Human Rights Appeal Bd., 73 AD2d 606). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.