■ OLIVE M. WINANT et al., Respondents-Appellants, v ARNOLD WINANT, Appellant-Respondent. (Action No. 1.) ARNOLD WINANT, Appellant-Respondent, v OLIVE M. WINANT, Respondent-Appellant. (Action No. 2.) — In actions (1) to set aside a separation agreement and modify a divorce decree (Action No. 1), and (2) for specific performance of the separation agreement (Action No. 2), the cross appeals are from an order of the Supreme Court, Nassau County (Burke, J.), entered January 15, 1981, which awarded a counsel fee of $1,000 to plaintiffs in Action No. 1 and defendant in Action No. 2 for the defense of an appeal from a judgment of the same court, dated September 24, 1980. Order reversed, on the law, without costs or disbursements, and application for a counsel fee denied. There is no warrant for the award of a counsel fee in an action to set aside a separation agreement. (See *Winant v Winant,* 83 AD2d 849.) This applies to services rendered at the appellate level, as well as at nisi prius. Hopkins, J. P., Titone, Gibbons and Cohalan, JJ., concur.

■ SILKALY M. WOLCHOK, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding pursuant to section 298 of the Executive Law to review an order of the State Human Rights Appeal Board, dated October 29, 1980, which affirmed an order of the State Division of Human Rights which dismissed the complaint upon a finding of no probable cause. Petition granted to the extent that the orders of the appeal board and division are annulled, on the law, without costs or disbursements, and the matter is remitted to the State Division of Human Rights for further proceedings consistent herewith. The record before us indicates that the State Division's determination was made following an inadequate investigation of petitioner's claims. It appears that petitioner's "confrontation conference", at which she should have had a full and complete opportunity to confront and rebut the respondent employer's answer, was severely shortened, despite her objection, due to a subsequently scheduled conference which apparently could not be adjourned. There is also some evidence in the record which tends to indicate that the underlying investigation may have been somewhat onesided. In the past, determinations of no probable cause have been overturned as capricious where the underlying investigation was onesided and/or abbreviated (see *Matter of Gregory v New York State Human Rights Appeal Bd.,* 64 AD2d 775; *State Div. of Human Rights v New York State Drug Abuse Control Comm.,* 59 AD2d 332, 336; see, also, *Long Is. R.R. v New York State Human Rights Appeal Bd.,* 59 AD2d 924). Under the circumstances at bar the same result is required. Accordingly, the matter is remitted to the State Division for further investigation and a complete confrontation conference, so that there may be a proper determination as to whether probable cause exists. Rabin, J. P., Gulotta, Cohalan and Bracken, JJ., concur.