■ In the Matter of GERALDINE ENGEL, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated March 5, 1981, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint. An earlier complaint filed by petitioner with the State Division of Human Rights charging her employer, respondent New York State Crime Victims Compensation Board, with discrimination against her because of age and sex was dismissed (see Matter of Engel v New York State Human Rights Appeal Bd., 78 AD2d 947). While an appeal in that proceeding was still pending, petitioner filed another complaint with the division, the gravamen of which is that in retaliation for filing the original complaint, her employer failed on two occasions to appoint her to positions which were available. Additionally, she again alleges age discrimination. After investigating this complaint, the division found no probable cause to believe the employer had either retaliated against her or engaged in age discrimination. The State Human Rights Appeal Board affirmed and this proceeding ensued. We confirm. The record discloses that petitioner was not eligible for the position of senior typist, for it became available before she had even taken the competitive examination necessary to qualify for that appointment. To fill the position of senior account clerk, the employer selected a person who for two years had served as assistant to the senior account clerk and, more importantly, had actually filled that post for a three-month period when the incumbent was absent. Although petitioner had more continuous State service and a higher examination score, she had no accounting work experience. Given these circumstances, the division could properly have concluded that the candidates' qualifications were the controlling factor in the respective appointments and that petitioner was not a victim of retaliation or age discrimination. We have considered the other arguments advanced by petitioner and find them unpersuasive. Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.