■ FRED STEINS, Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents. — The order of the New York State Human Rights Appeal Board dated February 24, 1981, which affirmed the order of the State Division of Human Rights (Division) dated April 3, 1980, which dismissed petitioner's complaint alleging age discrimination by respondent Asiatic Petroleum Corporation, as being without probable cause, is annulled, on the law, without costs and without disbursements, and the matter remanded to the Division for further proceedings not inconsistent herewith. After 28 years of satisfactory employment with Asiatic Petroleum Corporation (now known as Scallop Corporation), a subsidiary of the Royal Dutch Shell Group, petitioner was discharged on September 30, 1976, at the age of 57. Petitioner filed a complaint alleging age discrimination in that he was forced into early retirement as part of Asiatic's general policy of not permitting nonexecutive employees to remain with the company until the age of 65. The employer's answering papers stated that petitioner was retired due to reorganization in that the job he held was declared redundant. In addition, Asiatic maintained that the two programmers who were retained had superior job ratings than petitioner. Asiatic's corporate policy defined redundancy, as is here pertinent, "as a structural reorganization which eliminates a job." This type of reorganization "must involve a clear redistribution of the workload from one job to others * * * [T]he reorganization is wholly initiated by the company and is in no way caused by advance notice by an employee of impending termination/retirement, or caused by a decision to terminate the employee because of marginal or poor performance." There is evidence in the record to indicate that petitioner was given advance warning to apply for early retirement and, barring this, his job would be declared redundant. In addition, the Division, when considering this matter, did not have before it petitioner's latest job performance appraisals. These documents would have served a twofold purpose. They would have detailed the strengths and weaknesses of petitioner, and his over-all performance, as compared to the two younger programmers, who were retained. Secondly, by scrutinizing these documents, it could have been determined if job performance was utilized as a criteria to declare petitioner's job redundant, in violation of Asiatic's expressed policy. This entire issue of redundancy was investigated in a most cursory manner and the thrust of this issue, with all of its attendant nuances was overlooked. Foremost, however, the Division seemingly disregarded statistical data compiled for the year in which petitioner was "retired", which compilation could possibly support

petitioner's claims of discrimination. (*State Div. of Human Rights v Kilian Mfg. Corp.*, 35 NY2d 201.) There is further evidence in the record to indicate that the corporation could have engaged in a practice whereby nonexecutive employees were not permitted to remain in this company's employ beyond their fifty-ninth year. Under all of the circumstances, we find that the Division's investigation was inadequate. There should have been further investigation, a confrontation conference and resolution of all of the issues raised. Concur — Sandler, Ross, Carro and Fein, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would confirm the determination of the New York State Human Rights Appeal Board which affirmed the order of the State Division of Human Rights. The petitioner's last position, before he was terminated due to a reorganization, was as a programmer. The employer determined that there was redundancy in having three programmer positions and eliminated one. The two who were retained had seniority over the petitioner. At the time of his retirement, the petitioner was in a "Grade 6". He could have bid for "Grade 7" position, which was available, but did not. He received a 37% pension for his early retirement in place of the 40% he would have received at the age of 65. He also received a redundancy payment of over $10,000. In the same year that he was terminated, two much younger employees were also discharged because of job redundancy. On these facts, it cannot be said that the determination by the Appeal Board and the Division was arbitrary.