◼ In the Matter of EDMOND B. GRACE, Petitioner, v NEW YORK STATE HUMAN RIGHTS APPEAL BOARD et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated November 25, 1980, which affirmed an order of the State Division of Human Rights dismissing petitioner's complaint for lack of probable cause. Petitioner Edmond B. Grace is a medical doctor and naturalized American of Egyptian birth who was employed as an assistant resident in urology by respondent Albany Medical Center Hospital for the year July 1, 1978 through June 30, 1979. When he was advised by respondent hospital in early May of 1979 that it would be impossible to promote him to the position of chief resident within the division of urology effective July 1, 1979 because his work performance to date had been unsatisfactory, he filed a complaint with the State Division of Human Rights wherein he alleged that the hospital, in denying him the promotion, was discriminating against him because of his Egyptian heritage and national origin. In its subsequent decision, the division dismissed the complaint upon finding that there was no probable cause to believe that the hospital had or was engaged in the unlawful discriminatory practice charged. The order of the division was affirmed by respondent State Human Rights Appeal Board after petitioner failed to appear at the hearing on his complaint, scheduled for February 6, 1980, without offering any excuse for his absence. This proceeding followed, and we hold that the challenged determination should be confirmed. Not only are petitioner's allegations of discrimination unsubstantiated in the record, but there is also evidence to the effect that two other urology residents, who

were white, male, American and Anglo-Saxon, and whose evaluation reports were generally higher than petitioner's, were similarly denied appointments as chief residents because their work performances were below the standards of the urology division. Given these circumstances, the board plainly did not abuse its discretion in ordering the dismissal of petitioner's complaint (cf. *Matter of Engel v New York State Human Rights Appeal Bd.,* 78 AD2d 947, mot for lv to app den 52 NY2d 706). Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.