■ CYNTHIA J. MATHIS, Petitioner, v NEW YORK STATE OFFICE OF PARKS, RECREATION & HISTORIC PRESERVATION et al., Respondents. — Yesawich, Jr., J. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated August 9, 1983, which dismissed petitioner's complaint of an unlawful discriminatory practice based on sex.

Respondent Office of Parks, Recreation and Historic Preservation (OPRHP) employed petitioner as a temporary, seasonal summer worker virtually every summer from 1970 through 1982. In addition, OPRHP employed her as a park and recreation aide serving in the Capital-Saratoga region during the winters of 1980 and 1981; the following winter she occupied a seasonal position as a park recreation supervisor.

In the summer of 1981, OPRHP conducted a State-wide canvass of those who had passed the competitive civil service examination to ascertain their interest in two positions — regional park recreation coordinator and assistant regional park recreation coordinator. Those interested were then ranked on the basis of their examination scores. Thereafter, the various candidates were surveyed to determine the recreational regions of the State which they were ready to work in. It is not without significance that although petitioner expressed an interest in a permanent position in any one of the 11 regions, she nevertheless declined invitations in September of 1981 to interview for three permanent recreation positions around the State; admittedly she desired to avoid relocation, preferring to pursue an anticipated opening in the Capital-Saratoga region.

Because of budget cuts, OPRHP made a decision to consolidate two existing positions into a new one entitled regional program specialist; Harold Hageman was appointed to this position in the Capital-Saratoga region. Although petitioner questions the propriety of this appointment, there is evidence that it was made

pursuant to an OPRHP policy of giving first priority to those employees who, like Hageman, held permanent appointments to either of the recently consolidated positions.

On January 26, 1983, petitioner filed a complaint with the State Division of Human Rights charging OPRHP with discriminating against her because of sex; in particular, she claims Hageman's appointment was an act of unlawful discrimination. After an investigation, the Division dismissed her complaint for lack of probable cause and petitioner brought this proceeding to challenge that determination.

In an effort to sustain her sex discrimination claim, petitioner maintains that several appointments to the newly created title made by OPRHP violated the Civil Service Law. However, with respect to each appointment which petitioner challenges, OPRHP complied with Civil Service Law § 61 (1), for it selected only those individuals within the top three eligible candidates. Furthermore, with regard to the Hageman and similar appointments, OPRHP set forth legitimate policy considerations aside from examination performance which explained these appointments (*see, Matter of Cassidy v Municipal Civ. Serv. Commn.,* 37 NY2d 526, 528, 529). These considerations included a desire to protect provisional and permanent employees whose jobs were in jeopardy because of budgetary strictures; they had nothing to do with gender. There being a rational basis for the Division's decision, we are obliged to confirm it (*Matter of Engel v New York State Human Rights Appeal Bd.,* 78 AD2d 947, *lv denied* 52 NY2d 706).

Also unconvincing is petitioner's claim that the Division's investigation was inadequate. An investigator interviewed OPRHP's affirmative action officer and obtained various documents which recounted the factors underlying the contested appointments, summarized petitioner's employment history with OPRHP and recited reasons for the reclassification and consolidation of positions by the employer. OPRHP also introduced relevant and persuasive statistical evidence to counter petitioner's accusations. The Division then afforded petitioner a reasonable opportunity to address the agency's response before it evaluated and, eventually, dismissed her complaint. Where, as here, the record belies the existence of discrimination, no more extensive investigation is mandated (*see, e.g., State Div. of Human Rights v New York State Drug Abuse Control Commn.,* 59 AD2d 332; *Mayo v Hopeman Lbr. & Mfg. Co.,* 33 AD2d 310, 313).

Determination confirmed, and petition dismissed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.