■ In the Matter of SHERRI L. PAPE-BECKER, Petitioner, v EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Respondent. — Main, J. Proceeding initiated in this court pursuant to Executive Law § 298 to review a determination of the State Division of Human Rights, dated December 29, 1982, which dismissed petitioner's complaint of an unlawful discriminatory practice based on sex.

Petitioner's complaint with the State Division of Human Rights charged respondent, for whom she worked as an agent-trainee pursuant to a contract of employment, with sex discrimination. Her complaint was dismissed upon a finding of no probable cause following an investigation by the Division. Petitioner now challenges, *inter alia,* the adequacy of the investigation.

Where determinations of no probable cause were based on investigations which were one-sided and abbreviated, either for failure to hold a confrontation conference or to examine witnesses crucial to the complainant's case, the determinations have been annulled (*Matter of Gregory v New York State Human Rights Appeal Bd.*, 64 AD2d 775, 776; *see, Wolchok v New York State Human Rights Appeal Bd.*, 83 AD2d 850). In this case, the Division's determination was based on petitioner's verified petition, a letter from respondent's attorney and petitioner's written response to that letter. Petitioner was not interviewed in person and the witnesses to whom she alluded in her written materials were apparently never questioned. Respondent's attorney did not have firsthand knowledge of the facts and the information submitted by him in his written material should not have been relied upon (*Matter of Gregory v New York State Human Rights Appeal Bd., supra,* p 777). There was evidently no contact with any supervisory or personnel officer employed by respondent who might have had firsthand knowledge of petitioner's situation (*cf. Matter of Tirino v Long Is. Jewish-Hillside Med. Center,* 99 AD2d 513). Furthermore, certain statistical data showing a significantly lower success rate for women than for men was apparently disregarded by the investigator (*see, Steins v State Div. of Human Rights,* 86 AD2d 795, 795-796, *appeal dismissed* 56 NY2d 805). Considering investigations which have been adequate (*see, e. g., Mathis v New York State Off. of Parks, Recreation & Historic Preservation,* 109 AD2d 931; *Matter of Tirino v Long Is. Jewish-Hillside Med. Center, supra; Matter of Jochnowitz v Junior Coll.,* 96 AD2d 1131, *lv denied* 60 NY2d 559; *Matter of Taber v New York State Human Rights Appeal Bd.,* 64 AD2d 990) and the abbreviated, one-sided investigation in this case, we are of the view that the determination must be annulled and the matter remitted for further investigation so that there can be a proper determination as to whether probable cause exists. We express no view on this issue.

Determination annulled, with costs, and matter remitted to the State Division of Human Rights for further proceedings not inconsistent herewith. Mahoney, P. J., Main, Casey, Weiss and Yesawich, Jr., JJ., concur.