■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of DAINA C. BECKMAN, Petitioner, v GAYLORD BROS., INC., Respondent.—Determination unanimously annulled, on the law, without costs, and petition granted to the extent of remitting the matter to the State Division of Human Rights for further proceedings on the complaint in accordance with memorandum: In this proceeding pursuant to Executive Law § 298, petitioner seeks to annul the determination of the New York

State Division of Human Rights that there is no probable cause to believe that respondent unlawfully discriminated against her on the basis of disability. Upon our review of the record, we agree that the Division's finding of no probable cause was arbitrary and capricious and was unsupported by substantial evidence in the record.

The record establishes that after six months of employment, respondent granted petitioner a leave of absence from her clerk-typist job due to disability, which had been diagnosed as multiple sclerosis. After petitioner received medical approval to return to work some 10 months later, she claims that she was denied reemployment because of her disability. The narrow issue is whether the Division adequately investigated petitioner's claim that respondent discriminated against her when she sought to return to work by its alleged failure to comply with its own leave of absence personnel policy of reinstatement in the employee's former position, if still open, otherwise in other available employment openings "provided the employee has the necessary skills and abilities to qualify". The Division investigation consisted of one interview with respondent's personnel officer, obtaining copies of respondent's leave of absence policy, office memoranda relative to her job replacement, and miscellaneous communications together with letters from respondent's attorney. The memorandum of the Division on which its determination was predicated resolved credibility issues in favor of respondent and accepted as the truth its personnel director's statement that there were no vacant positions available for which petitioner was qualified, without interviewing her, examining her qualifications, or requiring the production of documentary evidence in verification of existing vacancies and respondent's claims.

The Division is required to make a prompt investigation "by field visit, written or oral inquiry, conference, or any method or a combination thereof deemed suitable" (9 NYCRR 465.6 [b]; see also, Executive Law § 297 [2]). The petitioner's burden is simply to establish there is probable cause to believe that she has been the victim of unlawful discrimination and determinations of no probable cause may be overturned for failure to conduct an in-depth investigation (see, Moore v State Div. of Human Rights, 110 AD2d 507; Bachman v State Div. of Human Rights, 104 AD2d 111; Matter of Vadney v State Human Rights Appeal Bd., 93 AD2d 935; Steins v State Div. of Human Rights, 86 AD2d 795, appeal dismissed 56 NY2d 805; Wolchok v New York State Human Rights Appeal Bd., 83 AD2d 850). In our view, the facts revealed in the investigation

are not sufficient to " ' "generate conviction in and persuade a fair and detached fact finder" that there is no substance in the complaint' " (*State Div. of Human Rights v Hatch Assoc. Consultants,* 110 AD2d 1049; *State Div. of Human Rights v Blanchette,* 73 AD2d 820, 821). The probable cause issue was investigated in a cursory and abbreviated manner and no independent inquiry was conducted to verify respondent's assertions prior to the issuance of the no probable cause determination and the minimal investigation of the complaint has not produced sufficient evidence to supply a rational basis for the determination of no probable cause. The matter is remitted to the Division for, at least, a full and thorough investigation and, if appropriate, a confrontation conference and a hearing. (Proceeding pursuant to Executive Law § 298.) Present—Dillon, P. J., Callahan, Boomer, Green and Schnepp, JJ.