■ STATE DIVISION OF HUMAN RIGHTS, on Complaint of CHARLES M. WALKER, Petitioner, v AMERICAN CAN COMPANY, Respondent.—Determination unanimously annulled, on the law, without costs, and matter remitted to the State Division of Human Rights for further proceedings, in accordance with the following memorandum: Petitioner seeks to annul a determination of the State Division of Human Rights finding no probable cause that respondent violated Executive Law § 298, based upon age discrimination, when it terminated his employment. Based upon our review of the record, the finding of no probable cause was arbitrary and capricious and unsupported by substantial evidence, and the finding is annulled to the extent of remitting the matter for further investigation.

In 1982, petitioner was fired from his salaried position with

respondent. He was then 50 years old and had been in respondent's employ for over 23 years. Job performance is not an issue. It appears that respondent was undergoing staff reductions and decided to eliminate a position then held by a more senior, higher salary grade employee, who was permitted to bump petitioner from the position he then held. The company determined that there was no position held by a salaried employee at the Fairport plant of a lower grade or seniority who petitioner, in turn, could bump, and he was terminated. Based upon this scenario, there could be found no age discrimination even though younger and less senior employees were not displaced.

Petitioner, however, argues that the discrimination against him arose when the company refused to assist him in his desire to relocate within the company. In finding no probable cause, an interoffice memorandum of the Division stating the basis for its determination includes the following: "[i]t is not respondent's policy to transfer salaried employees among its plants." A review of the record reveals that, in the course of the investigation of the complaint, associate counsel for respondent advised the investigator of this claimed policy of the company. The Division representative apparently accepted this statement without further investigation.

In fact, the record contains a handbook which applies to salaried employees of American Can Company. The manual notes that if an employee's separation from the company is due to realignment of the work force, that employee is entitled to benefits under the separation policy which include: "[a]n in-house search will be completed prior to conducting an Exit Interview to attempt to locate further employment with American Can Company." The manual further states that "[w]henever possible, a person referred to the Placement Center will be given preference over other candidates and, if qualified, will be awarded a vacant job over other candidates." The manual contains nothing that would indicate a policy of not relocating salaried employees within the company and, indeed, provides that "Business Units may not hire any new employees until the Placement Center is searched for qualified employees to fill job vacancy."

The record does not indicate that a confrontation conference with all principals present was ever held. Nor does it appear that the Division investigator ever questioned respondent as to whether it followed its own manual provisions by searching its facilities for another job for petitioner and, failing that, whether it provided him with career counseling as an alterna-

tive, which is provided for in its employees' handbook. The failure to conduct an adequate, in-depth investigation requires that the determination of no probable cause be overturned (*State Div. of Human Rights v Gaylord Bros.*, 112 AD2d 726; *Bachman v State Div. of Human Rights*, 104 AD2d 111, 115). (Proceeding pursuant to Executive Law § 298.) Present—Hancock, Jr., J. P., Callahan, Doerr, Denman and Green, JJ.