WILLIAM P. SANDERS, Plaintiff-Appellant, v. UNITED PARCEL SER-
VICE *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 85—193

Opinion filed March 31, 1986.

Jean P. Kamp and Mark J. Heyrman, both of Edwin F. Mandel Legal Aid Clinic, of Chicago, for appellant.

Keck, Mahin & Cate, of Chicago (John A. McDonald, Steven H. Adelman, P.C., and Paul J. Gudel, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, William P. Sanders, sought judicial review of an order of the Illinois Human Rights Commission dismissing his charge of an unfair employment practice against defendant United Parcel Service (UPS). Plaintiff alleged that UPS discriminated against him on the basis of his physical handicap. The circuit court of Cook County affirmed the Commission's order and plaintiff appeals.

The record, which includes the Department of Human Rights investigation report, reveals the following. In June 1970, plaintiff worked for UPS as a sorter, which involved lifting and sorting approximately 800 parcels per hour, each weighing approximately 12 to 50 pounds. That month, plaintiff suffered a work-related injury when a package fell on his shoulder.

On October 22, 1974, Dr. Jacob Pomerantz, UPS' doctor, examined plaintiff and found that his shoulder had full function and range of motion, and that plaintiff could work. Plaintiff worked until November 1974, when he took a medical leave of absence to seek further treatment for his shoulder. On November 8, 1975, Dr. Richard Geline examined plaintiff and later submitted a report of the examination to UPS' insurer. The report stated that plaintiff experienced some shoulder pain, but had a full range of motion in his shoulder, and in Dr. Geline's opinion, plaintiff was capable of returning to his regular job.

On December 13, 1975, Dr. Joel M. Levin, an arthritis specialist, wrote a letter stating that plaintiff was "not capable of lifting or using the right upper extremity." In June 1976, the Illinois Industrial Commission found that plaintiff had suffered a permanent 25% loss of the use of his arm. On September 20, 1976, Dr. Saul Haskell, an orthopedic surgeon who had been treating plaintiff for six years, wrote a letter stating: "William Sanders has been treated for a shoulder condition. He may return to work."

In October 1976, plaintiff asked UPS to return to work as a porter, a position which he believed would be light duty work. Plaintiff provided UPS with copies of the Industrial Commission decision, the letter from Dr. Levin, and the letter from Dr. Haskell. UPS told plaintiff he could only return to his former position as sorter.

On November 24, 1976, plaintiff filed a charge of employment dis-

crimination against UPS. Following various procedural delays, a fact-finding conference was scheduled for March 4, 1983. On July 11, 1983, the Department of Human Rights issued an investigation report and issued a notice of dismissal of the charge based on a lack of substantial evidence. The report noted that UPS "had no way of knowing that complainant was subject to light duty or lifting restrictions, since complainant's doctor had simply released him to return to work." The report noted further that plaintiff worked as a sorter for four years following the injury and then left work voluntarily rather than under a doctor's order.

On December 12, 1983, the Commission, on review, ordered the charge dismissed for lack of substantial evidence. The Commission made specific findings, including: that plaintiff returned to UPS with a "general work release" which "did not indicate that [plaintiff] should be assigned light duty"; that the position requested by plaintiff requires stripping, waxing, buffing floors, cleaning washrooms, washing windows, and is not light duty; that plaintiff never provided UPS "with the necessary medical documentation indicating that he should be restricted to light duty work"; that UPS did not have light duty work available; and that plaintiff's "handicap was related to his ability to perform the basic job duties of sorter and/or porter." On December 10, 1984, the trial court affirmed the Commission's dismissal of plaintiff's charge against UPS. The trial court held that the decision was not arbitrary or unreasonable.

■ Plaintiff first contends that the trial court used the wrong standard of review. Plaintiff points out that the proper standard is whether the Commission abused its discretion in finding a lack of substantial evidence, and that this means plaintiff need only meet the "relatively light burden" of simply producing more than a mere scintilla of evidence of discrimination. We find that the trial court used the proper standard of review.

■ Under the Human Rights Act, if the Commission determines after investigation that there is a lack of substantial evidence to support the employee's charge of a civil rights violation, the Commission may dismiss the charge. (Ill. Rev. Stat. 1983, ch. 68, par. 7—102(D)(2)(a).) This court has held that the standard was deliberately left vague to permit the Commission some degree of discretion in ascertaining and evaluating the facts. (*Klein v. Fair Employment Practices Com.* (1975), 31 Ill. App. 3d 473, 334 N.E.2d 370.) The "substantial evidence" that must support an employee's charge under a different statute, however, has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." (*Consolidated Edison Co. v. NLRB* (1938), 305 U.S. 197, 229, 83 L. Ed. 126, 140, 59 S. Ct. 206, 217 (cited in *Chambers v. Illinois Fair Employment Practices Com.* (1981), 96 Ill. App. 3d 884, 888, 422 N.E.2d 130).) This does not mean, as plaintiff implies, that the burden of producing evidence to support a charge of discrimination is a relatively light burden, or requires only slightly more than a mere scintilla. The Commission uses a standard of reasonableness in determining whether the claimant has presented substantial evidence to support the charge, and the "mere scintilla" language is not meant to detract from this reasonableness standard.

In determining whether the Commission properly applied its standard, a reviewing court looks to see if the Commission's dismissal of the charge was arbitrary and capricious, or an abuse of discretion. (*Chambers v. Illinois Fair Employment Practices Com.* (1981), 96 Ill. App. 3d 884, 422 N.E.2d 130; *Unger v. Sirena Division of Consolidated Foods Corp.* (1978), 60 Ill. App. 3d 840, 377 N.E.2d 266; *Klein v. Fair Employment Practices Com.* (1975), 31 Ill. App. 3d 473, 334 N.E.2d 370.) The difference between the statutory standard of "substantial evidence" used by the Commission and the "arbitrary and capricious" standard used by the courts remains unclear. We do note that the courts generally will substitute their judgment on a question of law within the court's competence (see, *e.g., Chambers v. Illinois Fair Employment Practices Com.* (1981), 96 Ill. App. 3d 884, 422 N.E.2d 130); but the court will limit itself to a reasonableness standard on other questions that are best resolved by the Commission (see, *e.g., Unger v. Sirena Division of Consolidated Foods Corp.* (1978), 60 Ill. App. 3d 840, 377 N.E.2d 266. See generally 5 Davis, Administrative Law sec. 29:1, at 332, sec. 29:7, at 357 (2d ed. 1984).) The trial court in the present case found that the Commission's decision was neither arbitrary nor unreasonable. The court used the proper standard of review.

■ Plaintiff also complains that the trial court stated the Commission had the duty to interpret and resolve conflicting medical reports which was an incorrect rule to apply because a full hearing was not held. Upon review, a court cannot try the case *de novo*, whether or not a full hearing is held. (*Klein v. Fair Employment Practices Com.* (1975), 31 Ill. App. 3d 473, 334 N.E.2d 370 (Commission dismissed charge after investigation).) It is within the special province of the Commission to review and weigh conflicting evidence, whether it is at the preliminary investigation level or at a later stage. Thus, the trial court's statement was correct and did not alter the fact that the

court used the proper "arbitrary and capricious" standard of review.

■■ ■ We now look at the evidence supporting the Commission's decision to dismiss plaintiff's charge in order to determine if the decision was arbitrary and capricious or an abuse of discretion. An employer need not accommodate an employee's alleged handicap unless the employee is actually handicapped and the handicap is unrelated to the person's ability to perform the duties of a particular job or position. (Ill. Rev. Stat. 1983, ch. 68, par. 1—103(I)(1).) Here, the Commission found that the employee was handicapped but that the handicap was related to his ability to perform the basic job duties of either sorter or porter because they were not light-duty jobs. In addition, the employee's burden in seeking an accommodation is "to apprise the employer *** of his handicapping condition and submit any necessary medical documentation." (Human Rights Commission Interpretative Rules on Handicap Discrimination in Employment sec. 4(c).) We agree with the Commission's finding that plaintiff failed to meet this burden.

After the 1974 examination, Dr. Pomerantz determined that plaintiff could work. After the 1975 examination, Dr. Geline opined that plaintiff could work at his regular job. The 1976 Industrial Commission decision did not say plaintiff was required to do only light work. The 1976 release from Dr. Haskell was general, and made no reference to any work restrictions. Plaintiff points to Dr. Levin's 1975 report placing some restrictions on plaintiff's physical activities. We find, however, that Dr. Levin's report might reasonably carry less weight before the Commission because his examination took place nine months before Dr. Haskell's, and Dr. Levin's statement did not indicate whether he was aware of plaintiff's job duties. Moreover, after his shoulder injury, plaintiff worked for four years as a sorter. He then left voluntarily, and was not disqualified by a doctor from working. These facts combine to support the Commission's finding that plaintiff failed to provide UPS with the necessary medical documentation and therefore failed to produce substantial evidence of a civil rights violation. Thus, we find the decision to dismiss the charge was not arbitrary and capricious, nor an abuse of discretion.

Plaintiff's reliance on *Chambers v. Illinois Fair Employment Practices Com.* (1981), 96 Ill. App. 3d 884, 422 N.E.2d 130, is misplaced. In *Chambers*, the court held that the Commission's decision to dismiss plaintiff's complaint was arbitrary, capricious, and an abuse of discretion The court found that the employer had refused to re-employ plaintiff despite the fact that the medical reports showed he was mentally handicapped but that the handicap was unrelated to the per-

formance of his duties. In contrast, UPS has not refused to re-employ plaintiff. Instead, UPS offered plaintiff his job of sorter, but refused to give him a job as a porter when it did not consider the porter job to be a light-duty job, and because it possessed little or no medical documentation showing that plaintiff should be restricted to a light-duty job. Additionally, in *Chambers*, the court found that the handicap was unrelated to the job duties, while here the handicap is related to plaintiff's duties.

For the foregoing reasons, the judgment of the circuit court of Cook County affirming the decision of the Human Rights Commission dismissing plaintiff's charge is affirmed.

Judgment affirmed.

RIZZI, P.J., and McGILLICUDDY, J., concur.