DELFINO CASTILLO, Plaintiff-Appellant, v. THE HUMAN RIGHTS COMMISSION et al., Defendants-Appellees.

First District (1st Division) No. 85—3563

Opinion filed August 3, 1987.

Doss, Puchalski & Keenan, Ltd., of Chicago (Richard J. Puchalski, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Thomas P. Marnell, Assistant Attorney General, of Chicago, of counsel), for appellee Human Rights Commission

Berger, Newmark & Fenchel, P.C., of Chicago (Philip Cowan and Lynn Lucchese-Soto, of counsel), for appellee Jet Die Casting Corporation.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Delfino Castillo, appeals from an order entered in the trial court affirming the dismissal of his charge of handicap discrimination by the Illinois Human Rights Commission (the Commission) pursuant to the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*). On appeal, plaintiff contends that (1) both the Commission and the trial court used an improper standard of review in reaching their decision; (2) the Commission's decision to dismiss plaintiff's charge was against the manifest weight of the evidence; and (3) it was improper for the Commission to utilize an order prepared by the Department of Human Rights to summarily dismiss his case.

Plaintiff was employed as a die caster by defendant, Jet Die Casting Corporation (Jet) from September 1976 to January 1983. On Octo-

ber 6, 1981, plaintiff was injured while working, and he remained on medical leave until August 19, 1982. As a result of the injury, plaintiff lost the sight of his left eye, lost three fingers on his right hand, and incurred partial hearing loss and partial facial paralysis.[1] In May 1982, Jet was apprised that plaintiff was no longer under treatment by his physicians for his injuries. At that time Jet secured the services of a rehabilitation consultant to formulate a program to facilitate plaintiff's transition back into the workplace. Plaintiff was advised by Jet that he had the option of either returning to a die-casting position or assuming a position in the secondary department running different machines. Plaintiff alleged that he did not believe he was physically or mentally capable of performing his job. Upon plaintiff's return to work in August 1982, he was assigned to the secondary department. Jet adopted certain measures in an attempt to accommodate plaintiff. These included permitting plaintiff to work on the first shift, which had additional support personnel to render him assistance, and waiver of the minimum efficiency standards for a three-month period to permit plaintiff time for readjustment to his duties and responsibilities.

In October 1982, plaintiff requested to be placed on layoff. Plaintiff remained on layoff until January 1983, at which time Jet recalled him to work due to a resurgence in business. Plaintiff neither notified Jet of his intention to resume working nor did he return to work. Thereafter, in February 1983, Jet terminated plaintiff's employment.

In July 1983, plaintiff filed a charge with the defendant, the Illinois Department of Human Rights, alleging that he was discriminated against by Jet because of his physical handicap and that Jet refused to provide a reasonable accommodation for his handicap. The Department filed a notice of dismissal based on a lack of substantial evidence and the Commission dismissed plaintiff's charge. Plaintiff thereafter commenced an action in the circuit court of Cook County seeking judicial review of the Commission's dismissal. The trial court, after reviewing written memoranda submitted by the parties in support of their respective positions and after hearing argument, affirmed the Commission's decision to summarily dismiss the plaintiff's charge of discrimination for lack of substantial evidence.

■■ ■ Plaintiff first argues that the Commission used an improper standard of review in dismissing his charge of discrimination.

---

[1] Throughout these proceedings plaintiff was represented by the United Automobile, Aerospace and Agricultural Implement Workers of America, UAS, Amalgamated Local No. 477, and bound by the terms and conditions of a labor agreement dated March 8, 1980.

Under section 7—102(d)(2) of the Illinois Human Rights Act in reviewing Department decisions (Ill. Rev. Stat. 1983, ch. 68, par. 1—101 *et seq.*), if the Commission determines after investigation that there is a lack of substantial evidence to support the employee's charge, the Commission may dismiss the charge. The Commission is to adopt the investigator's factual findings unless the findings are contrary to the manifest weight of the evidence. (Ill. Rev. Stat. 1983, ch. 68, par. 8—107(E)(2); see also *Sheff v. Board of Review, Illinois Department of Labor* (1984), 128 Ill. App. 3d 347, 470 N.E.2d 1044.) The Commission's duty is to review the factual findings to determine if substantial evidence exists. The standard is deliberately vague to allow the Commission discretion in evaluating and ascertaining facts determined in the investigation process. *Chambers v. Illinois Fair Employment Practices Com.* (1981), 96 Ill. App. 3d 884, 422 N.E.2d 130.

While plaintiff agrees that a charge may be dismissed if the Commission determines there is a lack of substantial evidence to support the charge, he argues that, under section 8—103(B) (Ill. Rev. Stat. 1983, ch. 68, par. 8—103(B)), he has an automatic right to an evidentiary hearing to determine if substantial evidence exists. Plaintiff plainly misstates the cited provision. Section 8—103(B) provides that "[i]n its discretion, the Commission may designate a hearing officer to conduct a hearing into the factual basis of the matter at issue." The statute does not contemplate an automatic entitlement to a hearing.

■ Plaintiff contends that an affidavit he submitted subsequent to the fact-finding conference contained uncontradicted statements that he was the subject of handicap discrimination and provides the basis for a hearing. The record reveals that Jet filed a response to the issues set forth in the affidavit maintaining that Jet did not discriminate against plaintiff because of his handicap. In its response, Jet stated that when plaintiff returned to work following his injury, he had been certified by his physician to be medically able to perform work in both the die-casting department and the secondary department. Plaintiff failed to provide Jet with any documentation indicating that he could not perform any job to which he had been assigned. In our judgment plaintiff's affidavit standing alone was insufficient to support his charge of handicap discrimination.

Plaintiff cites two cases from other jurisdictions to support his argument that he is entitled to an evidentiary hearing. (*Pape-Becker v. Equitable Life Assurance Society of the United States* (1985), 111 A.D.2d 427, 488 N.Y.S.2d 321; *Bachman v. State Division of Human Rights* (1984), 104 A.D.2d 111, 481 N.Y.S.2d 858.) A review of these cases indicates that the courts were addressing the issue of whether a

charge of discrimination could be dismissed where the investigations were one-sided and abbreviated either because the investigator failed to hold a conference or examine witnesses crucial to the plaintiff's case. In the case at bar, plaintiff has failed to present any evidence to indicate that the investigation was not competent or thorough. Further, plaintiff has not demonstrated that the cited decisions are interpreting a statute that is analogous to the statute governing the Illinois Human Rights Commission.

■■■ Plaintiff next contends that the trial court also used an improper standard of review in this case. In the trial court, the plaintiff argued that the proper scope of review to be applied was the manifest weight of the evidence standard as applied to findings of fact made by the Commission. Defendants argued that the scope of review to be applied was whether the Commission's decision was arbitrary, capricious or an abuse of discretion. The trial court found that under either standard of review, the Commission's dismissal was proper.

Under the Human Rights Act, "[i]n any proceeding brought for judicial review, the Commission's findings of fact shall be sustained unless the court determines that such findings are contrary to the manifest weight of the evidence." (Ill. Rev. Stat. 1983, ch. 68, par. 8—111(A)(2); see also *Unger v. Sirena Division of Consolidated Foods Corp.* (1978), 60 Ill. App. 3d 840, 377 N.E.2d 266.) This court has adopted the rule that it is within the Commission's discretion whether to dismiss a charge for lack of substantial evidence. (*Chambers v. Illinois Fair Employment Practices Com.* (1981), 96 Ill. App. 3d 884, 422 N.E.2d 130.) Substantial evidence exists to dismiss a charge where more than a mere scintilla of relevant evidence is present such that a reasonable mind might find it sufficient to support such a conclusion. (96 Ill. App. 3d 884, 422 N.E.2d 130.) Where, as here, the Commission has dismissed a charge for lack of substantial evidence, this court has recently further delineated the standards for review in *Sanders v. United Parcel Service* (1986), 142 Ill. App. 3d 362, 491 N.E.2d 1314. The *Sanders* court stated:

"In determining whether the Commission properly applied its standard, a reviewing court looks to see if the Commission's dismissal of the charge was arbitrary and capricious or an abuse of discretion. [Citations.] The difference between the statutory standard of 'substantial evidence' used by the Commission and the 'arbitrary and capricious' standard used by the courts remains unclear. We do note that the courts generally will substitute their judgment on a question of law within the court's competence [citation]; but the court will limit itself to a

reasonableness standard on other questions that are best resolved by the Commission. [Citations.]" (142 Ill. App. 3d 362, 365, 491 N.E.2d 1314, 1317.)

In the case at bar, the trial court found that the Commission's dismissal of plaintiff's charge was neither arbitrary or capricious nor against the manifest weight of the evidence and, accordingly, we find that an improper standard of review was not applied.

■■ ■ We now review the evidence and facts contained in the record supporting the Commission's decision to determine if the Commission has met its burden in light of the stated law. This is not a new standard, nor does this case present questions of first impression as plaintiff argues. As in all administrative review cases, agency factual determinations are assumed to be *prima facie* true and correct unless a contrary result is clearly evident. (*Clark Oil & Refining Corp. v. Golden* (1983), 114 Ill. App. 3d 300, 448 N.E.2d 958.) The facts before the Commission were that the plaintiff returned to work approximately one year following his accident and initially worked in the secondary department running different machines. Prior to his return to work, Jet obtained medical clearances from plaintiff's doctors permitting plaintiff to perform this work. Plaintiff refused to perform the work and failed to provide Jet with any documentation indicating that plaintiff could not perform any job to which he had been assigned. Plaintiff was terminated as an employee after he twice failed to return to work. On the second occasion, the employment offer was for the position of spare die caster, a position which involved work in the secondary department, where plaintiff had specifically requested assignment. Prior to his termination, Jet issued a written warning to plaintiff that his employment would be terminated unless he returned to work. We believe the Commission, consistent with the well-established standards of review, reviewed the investigator's report and examined the evidence in a manner consistent with the statutory scheme. We are in accord with its finding that the plaintiff failed to provide sufficient evidence to support his charge of employment discrimination and do not find the dismissal of plaintiff's charge was against the manifest weight of the evidence.

■ Finally, plaintiff argues that it was improper for the Commission to utilize an order prepared by the Department of Human Rights to summarily dismiss his case. Plaintiff contends that in order to facilitate judicial review, administrative agencies should articulate the reasons for their decisions (*City of West Chicago v. United States Nuclear Regulatory Com.* (7th Cir. 1983), 701 F.2d 632), and that agency decisions should be based on the evidence contained in the record (*Ca-*

*liendo v. Goodrich* (1975), 34 Ill. App. 3d 1072, 340 N.E.2d 560). We wholly agree with these principles and find that they were complied with here. A review of the order entered by the Commission reveals an adequate recitation of the facts and articulation of the reasons for its decision. Accordingly, we find no error or deficiency in the form of the Commission's order.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY and O'CONNOR, JJ., concur.