DAVE REEISE, Petitioner, v. THE DEPARTMENT OF HUMAN RIGHTS *et al.*, Respondents.

Third District    No. 4—97—0658

Opinion filed March 30, 1998.

David Reeise (argued), of Metamora, petitioner *pro se.*

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Susan Frederick Rhodes and A. Benjamin Goldgar (argued), Assistant Attorneys General, of counsel), for respondent Department of Human Rights.

Julian E. Cannell, of Kavanagh, Scully, Sudow, White & Frederick, P.C., of Peoria, for respondent Peoria School District No. 150.

JUSTICE BRESLIN delivered the opinion of the court:

Petitioner David Reeise appeals a decision of the chief legal counsel (Counsel) of the Illinois Department of Human Rights (Department), affirming the Department's finding that Reeise failed to produce substantial evidence to support a charge of unlawful discrimination. On appeal, Reeise insists that the Peoria School District No. 150 (District) suspended him for 30 days solely because he is white and physically disabled. After carefully reviewing the record, we find that we are required to affirm the Counsel's decision.

## FACTS

Reeise has been employed by the District as a custodian since 1986. Before he began working for the District, he severed a portion of his left index finger while working at home. This condition was never brought to the attention of the District, and it did not affect

Reeise's ability to perform his job. At the time of the occurrence, Reeise worked a split shift between Roosevelt and Harrison Elementary schools.

In October of 1995, Reeise's supervisor at Roosevelt Elementary conducted a random check of the rooms for which Reeise was responsible. Several rooms were not swept, and pencils, chalk and paper were lying on the floor. Later that day, Reeise's supervisor and several members of the administration met with Reeise and Edward Washington, a fellow custodian. The supervisor explained the problems that had been observed in rooms cleaned by both custodians and scheduled another meeting in November. As part of its custodial contract, the District follows a progressive disciplinary system of a verbal warning, a suspension, followed by a second suspension, and then discharge.

Before the next meeting, the supervisor conducted another unannounced inspection and again found four of Reeise's rooms in an unsatisfactory condition. Reeise had previously served a five-day suspension for similar performance problems. Consequently, the District placed Reeise on an immediate suspension for 30 days without pay. The earlier problems noticed in Washington's rooms had been corrected. Because Washington's performance record did not include any prior reprimand, the District issued Washington a verbal warning for failure to properly clean a room and an uncooperative attitude.

Reeise filed a charge of racial and physical disability discrimination with the Department of Human Rights (Department). During its investigation, the Department found that the District suspended four custodians in the 12 months preceding Reeise's suspension: three African-American custodians and one white custodian. It concluded that there was a lack of substantial evidence showing discriminatory practices by the District. The Department, therefore, dismissed the charge. Reeise filed a request for review with the Counsel and included the names of several new witnesses. These witnesses were not listed in the witness section of his complainant information sheet, nor were they named during the investigation. The Counsel issued a written order wherein it sustained the Department's dismissal, finding that Reeise failed to establish any evidence that warranted reversal. Reeise appeals.

## DISCUSSION

The sole issue on appeal is whether the Counsel's decision sustaining the Department's dismissal of Reeise's charge was arbitrary or capricious or an abuse of discretion.

■ The Illinois Human Rights Act (Act) states that it is a civil

rights violation for any employer to discharge an employee on the basis of unlawful discrimination. 775 ILCS 5/2—102(A) (West 1996). The Department has the express authority to investigate a charge of discrimination and may dismiss a charge if there is no substantial evidence to support it. 775 ILCS 5/7A—102(D)(2)(a) (West 1996). Substantial evidence is that which a reasonable mind accepts as sufficient to support a particular conclusion and consists of more than a mere scintilla but may be somewhat less than a preponderance. 775 ILCS 5/7A—102(D)(2) (West 1996); *Castillo v. Human Rights Comm'n*, 159 Ill. App. 3d 158, 512 N.E.2d 72 (1987) (substantial evidence such that a reasonable mind might find it sufficient to support such a conclusion). A standard of reasonableness is used in determining whether substantial evidence exists to support a charge. *Sanders v. United Parcel Service*, 142 Ill. App. 3d 362, 491 N.E.2d 1314 (1986). The proper standard of review of a final order of the chief legal counsel sustaining the dismissal of a charge is whether the order constituted an abuse of discretion or was arbitrary or capricious. See 775 ILCS 5/7—101.1(A) (West 1996) (requests for review of a decision to dismiss a charge are now reviewed by the chief legal counsel); see also *Marinelli v. Human Rights Comm'n*, 262 Ill. App. 3d 247, 634 N.E.2d 463 (1994).

■ To succeed in a cause of action of employment discrimination the plaintiff must show that: (1) he is a member of a protected group; (2) he was treated by his employer in a certain manner; and (3) he was treated differently than similarly situated employees who are not members of his protected group. *Motley v. Human Rights Comm'n*, 263 Ill. App. 3d 367, 636 N.E.2d 100 (1994).

■ Reeise claims that he was unlawfully discriminated against on the basis of his race. In support of this claim, he points to Washington. He argues that Washington, who is not a member of his protected group, is a similarly situated custodian who was not suspended. We disagree.

Reeise was previously suspended by the District. Washington has never been suspended. Additionally, upon the second inspection, the deficiencies in Washington's work were corrected. Consequently, Reeise and Washington are not similarly situated.

While Washington's punishment of a verbal reprimand is in sharp contrast to the 30-day suspension Reeise received, under the District's progressive disciplinary system, the punishment was appropriate. Had we been the chief legal counsel below, we may have taken exception to this disparate treatment. However, we are bound as a court of review to determine only whether the Counsel abused her discretion. After carefully reviewing the investigator's report, notes and exhibits, we cannot say that the Counsel's decision was an abuse of discretion.

Reeise also argues that he was discriminated against due to his physical disability. Reeise uses Washington as a similarly situated example in this argument as well. As was the case above, Washington's treatment by the District fails to establish a discriminatory motive against Reeise based on his physical disability. In fact, the evidence suggests that the District did not even realize that Reeise suffered from a physical disability. Because Reeise was unable to produce any other evidence showing that he was suspended on the basis of his physical disability, he failed to present sufficient evidence concerning this charge. Accordingly, we hold that the Counsel's order sustaining the Department's decision was not arbitrary or capricious or an abuse of discretion.

Reeise additionally contends that the investigator's failure to interview several witnesses on his behalf warrants reversal of the Counsel's decision.

Every litigant deserves the opportunity to fully and fairly present his claim. Ill. Const. 1970, art. I, § 12; see also *Waller v. Bagga*, 219 Ill. App. 3d 542, 579 N.E.2d 1073 (1991). The Department investigator interviewed Reeise and all five witnesses Reeise listed in his complaint information sheet. Upon review, Reeise presented an additional list of witnesses to the Counsel. The investigator spoke with one of these witnesses during the initial investigation. The remaining witnesses were not contacted because Reeise failed to include their names on the initial complaint sheet. Although these witnesses may have supported Reeise's claim of discrimination, he was given the opportunity to fully present his position in the underlying investigation and his failure to do so does not warrant reversal of the Counsel's decision.

For the foregoing reasons the decision of the chief legal counsel of the Department of Human Rights is affirmed.

Affirmed.

McCUSKEY, P.J., and SLATER, J., concur.