Matter of Schwindt v Niagara Mohawk Power Corp. (2020 NY Slip Op 05009)





Matter of Schwindt v Niagara Mohawk Power Corp.


2020 NY Slip Op 05009


Decided on September 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 17, 2020

529189

[*1]In the Matter of Amy Christine Schwindt, Appellant,
v
Niagara Mohawk Power Corp., Doing Business as National Grid, et al., Respondents, et al., Respondent.

Calendar Date: August 19, 2020

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.


Luibrand Law Firm, PLLC, Latham (Kevin A. Luibrand of counsel), for appellant.
Bond, Schoeneck & King, PLLC, Syracuse (Robert A. LaBerge of counsel), for Niagara Mohawk Power Corp. and another, respondents.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Auffredou, J.), entered March 22, 2019 in Warren County, which dismissed petitioner's application, in a proceeding pursuant to Executive Law § 298, to review a determination of respondent State Division of Human Rights finding no probable cause to believe that respondent Niagara Mohawk Power Corp. had engaged in an unlawful discriminatory practice relating to employment.
Petitioner has been employed by respondent Niagara Mohawk Power Corp., an electric and gas utility corporation, since 2001. In November 2017, petitioner filed a verified complaint with respondent State Division of Human Rights (hereinafter SDHR) pursuant to Executive Law article 15, alleging that she was subject to unlawful discriminatory practices by Niagara Mohawk and respondent Daniel DeChiaro, a Niagara Mohawk manager (hereinafter collectively referred to as the employer), based upon her gender. Specifically, petitioner alleged that she had been retaliated against for previously filing a sexual harassment complaint against a fellow employee and that she also had been harassed, intimidated, demoted and denied training, promotions and pay increases. SDHR commenced an investigation and requested documents, records and information from each party. The employer answered and petitioner filed a rebuttal and amended rebuttal. In April 2018, SDHR conducted a fact-finding conference with petitioner and DeChiaro, following which both parties submitted posthearing summations. On May 17, 2018, SDHR issued its final investigation report and, one day later, issued a determination and order, concluding that no probable cause existed to support petitioner's allegations of unlawful discrimination or retaliation and dismissed petitioner's complaint.
In July 2018, petitioner commenced this proceeding pursuant to Executive Law § 298, alleging that SDHR's determination and order was arbitrary and capricious inasmuch as SDHR's final investigation report contained facts unrelated to petitioner's complaint and that SDHR failed to interview nine material witnesses. The employer and SDHR each separately answered and, following oral argument, Supreme Court dismissed the petition, determining that, despite certain factual errors contained in SDHR's final investigation report, the basis of SDHR's determination and order was sufficiently explained, its investigation of the complaint was adequate and its finding of no probable cause was supported by the record. Petitioner appeals, and we reverse.[FN1]
SDHR has the discretion to dismiss a complaint without conducting a formal hearing where it determines that there is no probable cause to conclude that an employer engaged in discriminatory practices, and this Court will only disturb such a determination "if it is arbitrary, capricious or lacks a rational basis" (Matter of Hong Wang v New York State Div. of Human Rights, 177 AD3d 1127, 1127 [2019] [internal quotation marks and citation omitted]; see Executive Law § 297 [2] [a]; Matter of Giles v State Div. of Human Rights, 166 AD2d 779, 780 [1990]). Although SDHR has broad discretion in determining the methods to be employed when investigating a complaint (see 9 NYCRR 465.6 [b]; Matter of Ufland v New York State Div. of Human Rights, 167 AD3d 1509, 1510 [2018]; Matter of McDonald v New York State Div. of Human Rights, 147 AD3d 1482, 1482 [2017]; Matter of McFarland v New York State Div. of Human Rights, 241 AD2d 108, 111 [1998]), its determination may be annulled where the record reflects that its investigation was inadequate, abbreviated or one-sided such that the complainant was not afforded "a full and fair opportunity to present evidence on his or her behalf and to rebut the evidence presented by the employer" (Matter of Hong Wang v New York State Div. of Human Rights, 177 AD3d at 1127-1128 [internal quotation marks, brackets and citations omitted]; see Matter of Pape-Becker v Equitable Life Assur. Socy., 111 AD2d 427, 428 [1985]).
In its answer, SDHR specifically requested that Supreme Court remand this case so that SDHR could conduct further investigation pursuant to 9 NYCRR 465.20 (a) (2), conceding that it "may have overlooked or not given full consideration" to the issues raised by petitioner. SDHR acknowledged that the final investigation and report issued on May 17, 2018 erroneously included information from a wholly unrelated case before it [FN2] and conceded that the witnesses identified by petitioner "were not interviewed [by SDHR] during the investigative process."[FN3] Given SDHR's admissions, Supreme Court was presented with sufficient good cause demonstrating that SDHR's underlying investigation in this matter was inadequate and/or abbreviated (see 9 NYCRR 465.20 [a] [2]). Accordingly, we find that SDHR's probable cause determination based thereon should be annulled as irrational, arbitrary and capricious, and this matter remitted to SDHR for further investigation "so that there can be a proper determination as to whether probable cause exists" (Matter of Pape-Becker v Equitable Life Assur. Socy., 111 AD2d at 428; see Matter of Hong Wang v New York State Div. of Human Rights, 177 AD3d at 1127-1128; Matter of Gregory v New York State Human Rights Appeal Bd., 64 AD2d 775, 777 [1978]).[FN4] Given our holding, petitioner's remaining contentions have been rendered academic.
Clark, Mulvey, Devine and Pritzker, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, petition granted, determination annulled and matter remitted to respondent State Division of Human Rights for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: We note that SDHR did not file a brief on this appeal.

Footnote 2: The "basis for determination" section of SDHR's final investigation report contained a four-page analysis that pertained to an entirely different complaint involving a different petitioner and a different employer.

Footnote 3: Among the relevant witnesses identified by petitioner were several female employees who petitioner indicated would testify regarding certain gender-based discrimination that they experienced while employed by the employer.

Footnote 4: Absent a properly completed probable cause investigation and determination, remittal of this matter for a public hearing pursuant to Executive Law § 297 (4) (a) would be premature.